STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
  MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  JSutton@TheMMLawFirm.com
ERIC S. TRABUCCO (Bar No. 295473)
  ETrabucco@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA GARCIA, individually and acting in the interest of other current and former employees,<br><br>        Plaintiff,<br><br>    vs.<br><br>P&Z FOODS, INC.; a California Limited Liability Company; PASCUAL ZAVALA, an individual, MIRIAM AREVALO, an individual; and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. Fair Labor Standards Act Violation;<br>2. Failure to Provide Rest and Meal Periods or Pay Additional Wages in Lieu Thereof;<br>3. Failure to Pay Minimum Wages;<br>4. Failure to Pay Overtime Premium Wages;<br>5. Failure to Indemnify Employee for All Necessary Expenditures or Losses Incurred;<br>6. Failure to Pay All Wages Owed to Terminated or Resigned Employees<br>7. Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions<br>8. Violation of Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 *et seq.*<br>9. Penalties Pursuant to the California Private Attorneys General Act, Labor Code §§2698 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

1.    Plaintiff ANGELICA GARCIA brings this action against P&Z Foods, Inc., Pascual Zavala, Miriam Arevalo, and DOES 1 through 20, individually and on behalf of all other similarly situated individuals employed under common circumstances and facts.  The allegations made in this complaint are based on knowledge of Plaintiff ANGELICA GARCIA, except those allegations made on information and belief, which are based on the investigation of her counsel.

## I.    NATURE OF THE ACTION

2.    This is a Class Action pursuant to Federal Rule of Civil Procedure 23, and a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C sections 201 et seq. (the "FLSA").  Plaintiff brings this action on behalf of a class of workers currently or formerly employed by Defendants in California.  Plaintiff seeks to vindicate the rights afforded to workers under the FLSA, California law, including the California Labor Code and Wage Orders, and California's unfair competition law ("UCL), California Business & Professions Code sections 17200 et seq.

3.    This action revolves around the systematic failure by DEFENDANTS to pay their California non-exempt employees, including PLAINTIFF and the Class, in conformance with California law. DEFENDANTS have employed Plaintiff and the Class directly and are sued as joint employers, agents and/or alter egos. DEFENDANTS are also sued as "persons," pursuant to Labor Code §§ 558, 558.1, 18, and 2699 *et seq.*, who violated or caused to be violated the Labor Code and other regulations governing wages, hours and conditions of employment. Liability under Labor Code §§558, 18, and 2699 *et seq.* does not require that DEFENDANTS be employers.

4.    PLAINTIFF further alleges that DEFENDANTS PASCUAL ZAVALA and MIRIAM AREVALO are "person[s] acting on behalf of an employer" within the meaning of Labor Code § 558.1 who violated or caused to be violated California Labor Code §§ 203, 226, 226.7, 1194, and 2802, as well as the provisions "regulating minimum wages or hours and days of work" as enumerated in IWC Wage Order 5.  As such, Defendants PASCUAL ZAVALA and MIRIAM AREVALO may be held liable as employers for such violations sustained by PLAINTIFF and the Class that occurred after January 1, 2016 pursuant to Labor Code § 558.1.

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

5.      PLAINTIFF is ignorant of the true names or capacities of the Defendants sued herein under the fictitious names of DOES ONE through TWENTY, inclusive, and therefore sues those Defendants under such fictitious names. PLAINTIFF will amend this complaint to allege the true names or capacities of these Defendants once they have been ascertained.

6.      PLAINTIFF is informed and believes and thereon alleges that each Defendant is responsible in some manner for the occurrences herein alleged, and that the damages herein alleged were actually and proximately caused by each Defendant's conduct.

7.      The core violations PLAINTIFF alleges against DEFENDANTS for herself and the Class are: (1) failure to provide rest and meal periods or appropriately compensate employees in lieu thereof; (2) failure to pay minimum and premium overtime; (3) failure to reimburse employees for necessary expenses; (4) failure to pay all wages owed upon separation from employment; (5) and failure to provide accurate, itemized wage statements. Additional derivative violations are described below.

8.      DEFENDANTS have refused to pay the wages due and owed to PLAINTIFF and Class members under the express provisions of the California Labor Code, which in turn has resulted in additional Labor Code violations entitling PLAINTIFF and the Class to prompt payment of wages *and* penalties.

9.      PLAINTIFF brings the final cause of action as a representative – non class – claim pursuant to the California Labor Code Private Attorneys General Act ("PAGA"), Labor Code §§2698 *et seq.* The PAGA does not require class certification in order to confer workforce-wide relief, provided that the administrative requirements are met. PLAINTIFF has complied with the PAGA's prerequisite administrative requirements and, as such, now has a substantive right to stand in the shoes of the State of California and bring a PAGA enforcement action to recover penalties for the State and all current and former employees of DEFENDANTS, including PLAINTIFF. As such, PLAINTIFF wishes to pursue the PAGA claim as a non-class, representative claim, as expressly authorized by the plain language of the Act. In the alternative, however, PLAINTIFF can pursue the PAGA claim as a class action.

10.     PLAINTIFF, for herself and the Class, also seeks injunctive relief requiring

- 3 -

1   DEFENDANTS to comply with all applicable California labor laws and regulations in the future

2   and preventing DEFENDANTS from engaging in and continuing to engage in unlawful and unfair

3   business practices.  PLAINTIFF also seeks declaratory relief enumerating DEFENDANTS'

4   violations so that the DEFENDANTS and the general public will have clarity and guidance with

5   regards to DEFENDANTS' future employment practices.

6

7   **II.    PARTIES**

8         11.    Plaintiff ANGELICA GARCIA is a California resident.  She was employed as a

9   non-exempt employee by DEFENDANTS at the Carnitas Tijuana Restaurant located in Concord

10  and Pittsburgh, California until approximately October 27, 2016. Plaintiff GARCIA is an

11  aggrieved employee, within the meaning of the PAGA, who has been subjected to the violations

12  and unlawful employment practices described herein, and who, as a result, has suffered injury in

13  fact and has lost money or property.

14        12.    The following allegations as to DEFENDANTS are made on information and belief,

15  and are likely to have evidentiary support after a reasonable opportunity for further investigation or

16  discovery.

17        13.    On information and belief, Defendant P & Z Foods, Inc. is a California corporation

18  that operates a restaurant business, employing PLAINTIFF and the Class of non-exempt

19  employees PLAINTIFF seek to represent in this lawsuit.  DEFENDANT P & Z Foods, Inc. does

20  business in California as Carnitas Tijuana and Taqueria Carnitas Tijuana, which operates out of

21  Pittsburgh and Concord, California.  The agent for service of process is Fahim Choudhary, 4369

22  Hillcrest Avenue, Antioch, CA 94531.  Defendant P & Z Foods, Inc. is also liable under Labor

23  Code § 558.1 for all violations that occurred after January 1, 2016.

24        14.    On information and belief, Defendant PASCUAL ZAVALA is a person who

25  violated or caused the violations of the California Labor Code and provisions regulating hours and

26  days of work as detailed in the applicable Industrial Welfare Commission Order. At all relevant

27  times, PASCAUL ZAVALA has been an owner, director, and/or managing agent for P & Z Foods,

28  Inc.; he has had complete authority over all labor policies and practices, including those resulting

- 4 -

1    in violations as described in this complaint; and he has actively violated or caused the violations

2    alleged herein. Mr. Zavala is also sued as a joint employer pursuant to the FLSA. Defendant

3    PASCUAL ZAVALA is also liable under Labor Code § 558.1 for all violations that occurred after

4    January 1, 2016.

5          15.    On information and belief, Defendant MIRIAM AREVALO is a person who

6    violated or caused the violations of the California Labor Code and provisions regulating hours and

7    days of work as detailed in the applicable Industrial Welfare Commission Order. At all relevant

8    times, MIRIAM AREVALO has been a supervisor for P & Z Foods, Inc.; she has carried out

9    Defendants policies, causing violations of the Labor Code and Wage Orders. She has actively

10    violated or caused the violations alleged herein. Defendant MIRIAM AREVALO is also liable

11    under Labor Code § 558.1 for all violations that occurred after January 1, 2016.

12          16.    PLAINTIFF is ignorant of the true names or capacities of the Defendants sued

13    herein under the fictitious names DOES 1 through 20, inclusive, and therefore sues such

14    Defendants under fictitious names. PLAINTIFF will amend this complaint to allege the true names

15    or capacities of these Defendants once they have been ascertained.  Plaintiff is informed and

16    believes and thereon alleges that each Defendant is responsible in some manner for the occurrences

17    herein alleged, and that the damages herein alleged were actually and proximately caused by each

18    Defendant's conduct.

19          17.    PLAINTIFF is informed and believes and thereon alleges that at all times

20    mentioned herein, DEFENDANTS, including Does, were acting as the agent of every other

21    Defendant, and all acts alleged to have been committed by any Defendant were committed on

22    behalf of every other Defendant; and, at all times mentioned herein, each alleged act was

23    committed by each Defendant and/or agent, servant, or employee of each Defendant, and each

24    Defendant directed, authorized or ratified each such act.  Plaintiff is informed and believes and

25    thereon alleges that each Defendant, including Does, was the agent, employee, coconspirator,

26    business affiliate, subsidiary, parent entity, owner and/or joint venturer of each other Defendant;

27    and, in causing the injuries herein alleged, each Defendant was acting at least in part within the

28    course and scope of such agency, employment, conspiracy, joint employership, alter ego status,

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1   and/or joint venture, and with the permission and consent of each of the other Defendants.

2

3   **III.   JURISDICTION AND VENUE**

4       18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

5   1331 as it arises from violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

6       19.     This Court has supplemental jurisdiction over the state law claims pursuant to 28

7   U.S.C. § 1367(a), because these claims are so closely related to the federal law wage and hour

8   claims that they form part of the same case or controversy under Article III of the United States

9   Constitution. This Court is empowered to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10      20.     Venue is proper in the United States District Court for the Northern District of

11  California because the alleged unlawful employment practices were committed within Concord

12  and Pittsburgh, California.

13

14  **IV.   FACTUAL ALLEGATIONS**

15      21.     This is a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure

16  to vindicate the rights afforded the class by the FLSA, California Labor Code and California

17  Business and Professions Code §§ 17200 *et seq.*, and is brought on behalf of PLAINTIFF and a

18  Class comprised of all current and former non-exempt employees of DEFENDANTS. The claims

19  of this lawsuit spring from a pattern of EMPLOYER misconduct and wrongdoing that is a

20  characteristic of the labor system utilized by DEFENDANTS, where unpaid and improperly paid

21  labor, as alleged herein, is a common business practice, and where the employer externalizes the

22  cost of business expenditures upon DEFENDANTS' employees. DEFENDANTS' actions in this

23  case demonstrate a systematic disregard for the rights afforded to PLAINTIFF and the Class under

24  California wage and hour law. The following paragraphs detail specific violations of law giving

25  rise to this action.

26      22.     For at least four years prior to the filing of this action and through to the present

27  (liability period for the UCL cause of action), DEFENDANTS have maintained and enforced

28  against PLAINTIFF and the Class the following unlawful practices and policies in violation of

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1  California wage and hour laws, including but not limited to:

2       a.   failing to provide Class members, including PLAINTIFF, rest periods of at

3           least (10) minutes per four (4) hours worked, or major fraction thereof, and

4           failing to pay such employees one (1) hour of additional wages at the

5           employees' regular rate of compensation for each workday that the rest

6           period was not provided, in violation of California law and public policy;

7       b.   requiring Class members, including PLAINTIFF, to work at least five (5)

8           hours without a full, thirty-minute, uninterrupted meal period, and failing to

9           pay such employees one (1) hour of additional wages at the employees'

10          regular rate of compensation for each workday that the meal period was not

11          provided, in violation of California law and policy;

12      c.   failing to pay minimum and overtime premium wages to PLAINTIFF and

13          the Class by forcing such employees to work "off the clock" when

14          DEFENDANTS clocked them out for lunch even though they worked

15          through it;

16      d.   failing to provide Class members, including PLAINTIFF, with accurate

17          itemized wage statements in violation of California law and public policy;

18      e.   failing to reimburse Class members, including PLAINTIFF, for expenses

19          incurred in carrying out their job duties, using their own vehicle and mileage

20          to complete deliveries, in violation of California law and public policy;

21      f.   failing to pay to Class members, including PLAINTIFF, all wages owed

22          including those for rest and meal periods and reimbursements as detailed

23          above upon separation from employment – whether voluntary or not – in

24          violation of California law and policy;

25      g.   failing to create or maintain accurate time-keeping records for Class

26          members, including PLAINTIFF, resulting in failure to accurately pay

27          wages owed and provide accurate itemized wage statements, in violation of

28          California law and public policy;  and

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

h.   engaging in unfair competition in violation of the UCL, Bus. & Prof. §§17200 *et seq*., as a result of failing to pay wages owed and generate and maintain accurate records as described above.

23.   On information and belief, DEFENDANTS were on notice of the improprieties alleged and/or has intentionally, deliberately, and willfully carried out these unlawful and unfair business practices.

24.   DEFENDANTS have made it difficult to account with precision for the unlawfully withheld wages due to PLAINTIFF and the Class during all relevant times herein, because DEFENDANTS did not fully implement and preserve a record-keeping method to accurately record all hours worked and wages earned by its employees, or manipulated such record-keeping method for DEFENDANTS' advantage, in violation of California Labor Code §§226 and 1174(d), and Industrial Welfare Commission Wage Order 5.

25.   PLAINTIFF alleges that DEFENDANTS are liable to her and the Class for the violations described herein as employers and/or "persons" who violated the Labor Code and IWC regulations or *caused* such violations.  Labor Code §§558 & 2698 *et seq*.

## V.   CLASS ACTION ALLEGATIONS

25.   PLAINTIFF bring this action on behalf of herself and all similarly situated workers pursuant to the Federal Rules of Civil Procedure 23 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable. PLAINTIFF seeks to represent the following class:

> All persons who are employed or have been employed by DEFENDANTS in the State of California who, within four (4) years of the filing of this Complaint, have worked as non-exempt employees.

26.   On information and belief, the legal and factual issues are common to and saffected all Class Members.  PLAINTIFF reserves the right to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

### A. Numerosity

27.   The potential members of the Class as defined are so numerous that joinder of all

- 8 -

1   the members of the Class is impracticable. While the precise number of Class Members has not

2   been determined, PLAINTIFF is informed and believes that DEFENDANTS during the relevant

3   time periods likely employed more than fifty restaurant workers at any given time in California

4   who are, or have been, affected by DEFENDANTS' unlawful practices as alleged herein. With

5   turnover, the size of the class could potentially exceed hundreds, if not thousands, of members.

6       28.    Upon information and belief, PLAINTIFF allege that DEFENDANTS' employment

7   records would provide information as to the number and location of all Class Members. Joinder of

8   all members of the proposed Class is not practicable.

9                                **B. Commonality**

10      29.    There are questions of law and fact common to the Class predominating over any

11  questions affecting only individual Class Members. These common questions of law and fact

12  include, without limitation:

13      a.    Whether DEFENDANTS violated §§ 17200 *et seq.* of the Business

14            and Professions Code by the violation of California labor laws;

15      b.    Whether DEFENDANTS violated the California Labor Code and

16            Wage Orders as a result of the allegations described in this

17            complaint;

18      c.    Whether DEFENDANTS violated the California Labor Code and

19            Wage Orders by compensating PLAINTIFF and other Class

20            Members at hourly wage rates below (1) the minimum wage rate and

21            (2) double minimum wage rate;

22      d.    Whether DEFENDANTS violated the California Labor Code and

23            Wage Orders by compensating PLAINTIFF and other Class

24            Members at rates below the required overtime rate;

25      e.    Whether DEFENDANTS violated the California Labor Code and

26            Wage Orders by failing to schedule and provide lawful rest periods or

27            discouraging PLAINTIFF and Class Members from taking them,

28            while failing to compensate said employees for missed rest periods,

and failing to pay premium wages in lieu thereof, in violation of California law;

f.    Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to provide lawful meal periods or discouraging PLAINTIFF and Class Members from taking them, and failing to pay premium wages in lieu thereof, in violation of California law;

g.    Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to, among other things, maintain accurate records of PLAINTIFF and other Class Members' earned wages, work periods, hours worked and wages earned;

h.    Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to pay all earned wages due and/or premium wages due and owing at the time that the employment of any Class Members, including PLAINTIFF, ended;

i.    Whether DEFENDANTS violated the California Labor Code and Wage Orders by failing to, indemnify PLAINTIFF and other Class Members for all necessary business expenditures, including mileage and travel expenses; and

j.    Whether PLAINTIFF and other Class Members are entitled to restitution, wages, statutory penalties, premium wages, declaratory, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to California Labor Code and Wage Orders, Business and Professions Code §§17200 *et seq.*

30.    There are no individualized factual or legal issues for the court to resolve that would prevent this case from proceeding as a class action, except as to the final cause of action under the Unruh Act, which is asserted as to PLAINTIFF only.

### C. Typicality

31.    The claims of the named PLAINTIFF is typical of the claims of the Class.

- 10 -

PLAINTIFF and all members of the Class sustained injuries and damages arising out of and caused by DEFENDANTS' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

### D. Adequacy of Representation

32.    PLAINTIFF will fairly and adequately represent and protect the interests of the members of the Class.  PLAINTIFF has no interests which are adverse to the Class.  Counsel who represent PLAINTIFF is competent and experienced in litigating large employment class actions.

### E. Superiority of Class Action

33.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policy and/or practices described herein.

34.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. PLAINTIFF are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## VI.    CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FAIR LABOR STANDARS ACT
29 U.S.C. §§ 207, 216(B), AND 255(A)
(AGAINST ALL DEFENDANTS)

35.    PLAINTIFF re-alleges and incorporates the allegations of the above paragraphs as if fully stated herein.

36.    At all relevant times herein, PLAINTIFFS' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq.

37.    DEFENDANTS are engaged in commerce or in the production of goods for

- 11 -

1  commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

2      38.    DEFENDANTS routinely require and/or suffered or permitted PLAINTIFF,

3  including Opt-In Consenters and similarly situated workers, to work more than 40 hours per week,

4  and routinely without paying them any overtime premium for hours worked in excess of 40 hours

5  per week.

6      39.    In failing to pay PLAINTIFF, including Opt-In Consenters and similarly situated

7  workers, overtime wages at one-and-one-half times their regular rate of pay, DEFENDANTS

8  willfully violated the FLSA.

9      40.    As a direct and proximate result of defendants' failure to pay proper wages under

10 the FLSA, PLAINTIFF, including Opt-In Consenters and similarly situated workers, incurred

11 general damages in the form of lost overtime wages in an amount to be proved at trial.

12     41.    Defendants intentionally, with reckless disregard for their responsibilities under the

13 FLSA, and without good cause, failed to pay PLAINTIFF, including Opt-In Consenters and

14 similarly situated workers and similarly situated workers, their proper wages, and thus defendants

15 are liable to PLAINTIFF, including Opt-In Consenters and similarly situated workers, for

16 liquidated damages in an amount equal to their lost wages over a three year statute of limitations

17 plus tolling from other class actions pursuant to 29 U.S.C. §§ 216(b) & 255(a) of the FLSA.

18     42.    PLAINTIFF, including Opt-In Consenters and similarly situated workers, were

19 required to retain legal assistance in order to bring this action and, as such, are entitled to an award

20 of reasonable attorney's fees pursuant to the FLSA.

21                **SECOND CLAIM FOR RELIEF**

22         **FAILURE TO PROVIDE REST PERIODS AND MEAL PERIODS**
23              **OR COMPENSATION IN LIEU THEREOF**
            CALIFORNIA LABOR CODE §§226.7, 512 AND IWC WAGE ORDER 5
24                  (AGAINST ALL DEFENDANTS)

25     43.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

26     44.    PLAINTIFF and, on information and belief, the Class were not afforded meal

27 periods as required by California law, since they were routinely required to work five hours or

28

- 12 -
CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1    more without a full, thirty minute, uninterrupted meal period, and they were not compensated for

2    missed meal periods.

3        45.    California Labor Code §226.7 states:

4            (a) No employer shall require any employee to work during any meal
            or rest period mandated by an applicable order of the Industrial
5            Welfare Commission.

6            (b) If an employer fails to provide an employee a meal period or rest
            period in accordance with an applicable order of the Industrial Welfare
7            Commission, the employer shall pay the employee one additional hour
            of pay at the employee's regular rate of compensation for each work
8            day that the meal or rest period is not provided.

9

10       46.    The applicable wage order issued by the Industrial Welfare Commission is Wage

11   Order 5, which states with regards to meal periods:

12           (A)    No employer shall employ any person for a work period of more than
            five (5) hours without a meal period of not less than 30 minutes, except that
13           when a work period of not more than six (6) hours will complete the day's
            work the meal period may be waived by mutual consent of the employer and
14           employee.  Unless the employee is relieved of all duty during a 30-minute
            meal period, the meal period shall be considered an "on duty" meal period and
15           counted as time worked.  An "on duty meal period shall be permitted only
            when the nature of the work prevents an employee from being relieved of all
16           duty and when by written agreement between the parties an on-the-job paid
            meal period is agreed to.  The written agreement shall state that the employee
17           may, in writing, revoke the agreement at any time.

18
            (B)    If an employer fails to provide an employee a meal period in
19           accordance with the applicable provisions of this Order, the employer shall
            pay the employee one (1) hour of pay at the employee's regular rate of
20           compensation for each work day that the meal period is not provided.

21

22       47.    A similar provision is contained at California Labor Code §512.

23   In this case, there was no mutual waiver of meal period and employees worked for periods of more

24   than five hours without an off-duty meal period of at least 30 minutes.  As noted above,

25   DEFENDANTS violated California law by failing to provide meal periods mandated by Labor Code

26   §226.7 and Wage Order 5.  As such, DEFENDANTS are liable for one hour of pay at the employee's

27   regular rate of compensation for each workday that meal periods were not provided.

28

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

48.     Similarly, Wage Order 5 states with regards to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

49.     DEFENDANTS did not authorize or permit PLAINTIFF and, on information and belief, the Class to take rest periods. PLAINTIFF and the Class routinely worked four-hour periods during the day without rest periods or compensation in lieu thereof. DEFENDANTS' employment practice did not provide for rest periods as mandated by California law.

50.     As noted above, DEFENDANTS violated California law by failing to provide the meal and rest periods mandated by Labor Code §226.7 and Wage Order 5, and by failing to provide one hour pay at the employees' regular rate of compensation for each work day that the meal period was not provided and one hour pay at the employees' regular rate of compensation for each work day that the rest period was not provided.

51.     PLAINTIFF and the Class did not voluntarily or willfully waive rest and/or meal periods. Any express or implied waivers obtained from PLAINTIFF and the Class was not willfully obtained or voluntarily agreed to, but rather was a condition of employment or part of an unlawful contract of adhesion.

52.     By failing to keep adequate time records required by §§226 and 1174(d) of the Labor Code, DEFENDANTS have injured PLAINTIFF and the Class and made it difficult to calculate the unpaid rest and meal period compensation due to PLAINTIFF and the Class.

53.     As a result of the unlawful acts of DEFENDANTS, PLAINTIFF and the Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such

- 14 -

amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code §§203, 226, 226.7, 512, 1194, and Wage Order 5.

54.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and below.

### THIRD CLAIM FOR RELIEF

**FAILURE TO PAY MINIMUM WAGES**
LABOR CODE §§1194, 1194.2 1197(A) & IWC WAGE ORDER 5
(AGAINST ALL DEFENDANTS)

55.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

56.    California Labor Code §1197, which is entitled "Pay of Less Than Minimum Wage," states:

> The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful.

57.    The applicable minimum wage fixed by the commission in the Industrial Welfare Commission ("IWC") Wage Orders was set at six dollars and seventy five cents ($6.75) per hour for all hours worked effective January 1, 2002, but has been recently amended. The minimum wage effective January 1, 2007 was $7.50 per hour, and the minimum wage has now been raised to $8.00 per hour, effective January 1, 2008.

58.    DEFENDANTS have failed to pay minimum wages for all hours worked. In particular, supervisors and managers routinely clock out PLAINTIFF and the Class for lunch when, in fact, such workers are actually working or on duty. PLAINTIFF and the Class are consequently not paid for this time they work "off the clock." These practices, among others, have resulted in DEFENDANTS not paying the minimum wage for all hours worked. This violation of California minimum wage law was substantial and a main feature of DEFENDANTS' employment practices.

59.    The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a), which states:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime

- 15 -

compensation, including interest thereon, reasonable attorney's fees and costs of suit.

60.     As such, PLAINTIFF and the Class may bring this action for minimum wages, interest, costs of suit and attorney's fees pursuant to California Labor Code § 1194(a).

61.     As described in California Labor Code § 1194.2, any such action incorporates the applicable wage order of the California Labor Commission.

62.     California Labor Code § 1194.2 provides that:

> In any action under Section 1194 … to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

63.     As described herein, this is an action under California Labor Code §1194 to recover wages on account of DEFENDANTS' failure to pay minimum wages as described in California Labor Code §§1197, 1194(a), 1194.2 and Wage Order 5.  Therefore, PLAINTIFF and the Class are also entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

64.     WHEREFORE, PLAINTIFF and the Class request relief as described herein and below.

### FOURTH CLAIM FOR RELIEF

#### FAILURE TO PAY PREMIUM OVERTIME WAGES
LABOR CODE §§510, 1194, 1194.2 & IWC WAGE ORDER 5
(AGAINST ALL DEFENDANTS)

65.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

66.     Labor Code §510(a) establishes the eight (8) hour workday and forty (40) hour work week, and provides that work in excess of eight (8) hours in one day or forty (40) hours in one week is to be compensated at one and one-half (1 ½) the regular rate of pay. The identical provision is found in Wage Order 5, which is authorized under California Labor Code §1185.

67.     As described herein, DEFENDANTS violated California Labor Code §510 by employing PLAINTIFF and the Class in excess of eight (8) hours in one day and forty (40) hours in a workweek without paying the required overtime rate. In particular, supervisors and managers

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1   routinely clocked out PLAINTIFF and the Class for lunch when, in fact, they were actually

2   working or on duty.  PLAINTIFF and the Class are consequently not paid for this time they work

3   "off the clock," resulting in failure to pay overtime wages when accounting for the off-the-clock

4   work would have entitled employees to overtime pay.

5          68.     PLAINTIFF and the Class may enforce these provisions pursuant to Labor Code

6   §1194(a) and Business and Professions Code §§17200 *et seq.*

7          69.     California Labor Code §1194(a) states:

8              Notwithstanding any agreement to work for a lesser wage, any employee
               receiving less than the legal minimum wage or the legal overtime
9              compensation applicable to the employee is entitled to recover in a civil action
               the unpaid balance of the full amount of this minimum wage or overtime
10             compensation, including interest thereon, reasonable attorney's fees and costs
11             of suit.

12         70.     As a result, PLAINTIFF and the Class are entitled to the unpaid balance of the full

13  amount of the above noted overtime compensation, interest, reasonable attorney's fees and costs of

14  suit.

15         71.     WHEREFORE, PLAINTIFF and the Class request relief as described herein and

16  below.

17                                **FIFTH CLAIM FOR RELIEF**

18          **FAILURE TO REIMBURSE EMPLOYEES FOR EXPENSES INCURRED**
                    CALIFORNIA LABOR CODE §2802 & IWC WAGE ORDER 5
19                              (AGAINST ALL DEFENDANTS)

20         72.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

21         73.     At all times relevant to this complaint, DEFENDANTS required PLAINTIFF and

22  Class members to use their own vehicle and mileage to complete deliveries. PLAINTIFF and the

23  Class were not reimbursed for the cost of such necessary work expenses.

24         74.     As such, DEFENDANTS have violated Labor Code §2802 and Wage Order 5 by

25  failing to reimburse PLAINTIFF and the Class for the expense of using their own vehicle and

26  mileage to complete deliveries.

27         75.     By not reimbursing employees for expenses incurred in completing the restaurant's

28  deliveries DEFENDANTS have unlawfully and intentionally taken and converted the property of

                                         - 17 -

1  PLAINTIFF and Class members for their own use. As a result, PLAINTIFF and Class members

2  have been denied use and enjoyment of their property and have been otherwise damaged in an

3  amount to be proven at trial.

4      76.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and

5  below.

6  ## SIXTH CLAIM FOR RELIEF

7  **FAILURE TO PAY WAGES DUE IN TIMELY MANNER**
   **UPON SEPARATION FROM EMPLOYMENT,**
   **CALIFORNIA LABOR CODE §§201, 202 & 203**
8  **(AGAINST ALL DEFENDANTS)**

9      77.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

10     78.    California Labor Code §§201 and 202 provide for immediate payment of all wages

11 owed at termination of employment.

12     79.    As described above, DEFENDANTS failed to pay minimum, overtime, split-shift

13 and rest and meal period wages, and failed to reimburse PLAINTIFF and the Class for necessary

14 expenses incurred in purchasing and maintaining required work attire and shoes. Consequently,

15 unpaid wages and monies have accumulated as a result of this practice and DEFENDANTS' have

16 failed to liquidate these unpaid wages upon separation from employment, whether through

17 voluntary resignation or involuntary termination, in violation of California law.

18     80.    DEFENDANTS have violated California Labor Code §§201 and/or 202 by failing

19 to pay PLAINTIFF and a substantial portion of the Class all the wages owed to them, because

20 when PLAINTIFF and a substantial portion of the Class left their employment with

21 DEFENDANTS, DEFENDANTS did not pay them the wages owed for missed rest and meal

22 periods or for unreimbursed expenses.  This failure to pay wages owed was willful and, as such,

23 DEFENDANTS are liable for penalties under §203 of the Labor Code.

24     81.    California Labor Code §203 states:

25         If an employer willfully fails to pay, without abatement or reduction, in
           accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
26         employee who is discharged or who quits, the wages of the employee shall
           continue as a penalty from the due date thereof at the same rate until paid or
27         until an action therefore is commenced; but the wages shall not continue for
           more than 30 days. An employee who secretes or absents himself or herself
28

- 18 -

to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment. Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise.

82.     DEFENDANTS willfully failed to pay all wages due as the failure to pay was not inadvertent or accidental. As a result, PLAINTIFF and the Class are entitled to 30 days' wages. "30 days wages" is calculated pursuant to California case law as 30 working days and not merely a month's wages.

83.     In calculating 30 days' wages pursuant to California Labor Code §203, PLAINTIFF and the Class are entitled to compensation for all forms of wages earned (even if not properly paid), including, but not limited to, compensation for unprovided rest and meal periods.

84.     More than 30 working days have passed since PLAINTIFF and many members of the Class have left DEFENDANTS' employment, and despite this, they have not received payment pursuant to Labor Code §203. As a consequence of DEFENDANTS' willful conduct in not paying all wages, PLAINTIFF and the Class are entitled to 30 days' wages as a penalty under Labor Code §203.

85.     WHEREFORE, PLAINTIFF and the Class seek the relief as described herein and below.

### SEVENTH CLAIM FOR RELIEF

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
LABOR CODE §§226, 226.6 & IWC WAGE ORDER 5
(AGAINST ALL DEFENDANTS)

86.     PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

87.     California Labor Code Section 226(a) states:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all

- 19 -

deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

88.    DEFENDANTS have failed to provide PLAINTIFF and, on information and belief, Class members accurate itemized wage statements that include the gross wages earned, total hours worked, piece rates if any, all deductions, net wages earned, pay period dates, name of employee, name address of the legal entity that is the employer, and all applicable hourly rates in effect during the pay period, as mandated by Labor Code §226 and Wage Order 5, because such statements understate wages by failing to include those wages owed for unprovided rest and meal periods and reimbursements of expenses.

89.    DEFENDANTS have in turn violated California Labor Code §226(a), inaccurately stating gross and net wages and other issues as described above.

90.    By knowingly and intentionally failing to provide PLAINTIFF and Class members itemized wage statements in conformance with Labor Code §226, DEFENDANTS have also violated Labor Code §226.6, which is a misdemeanor punishable by fine and/or prison.

91.    California Labor Code §226.6 states:

Any employer who knowingly and intentionally violates the provisions of Section 226 or 226.2, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays, the wages due any employee, and who knowingly and intentionally participates or aids in the violation of any provision of Section 226 or 226.2 is guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than one thousand dollars ($1,000) or be imprisoned not to exceed one year, or both, at the discretion of the court. That fine or imprisonment, or both, shall be in addition to any other penalty provided by law.

92.    DEFENDANTS have the ability to pay all wages due and have the ability to provide PLAINTIFF and the Class accurate wage statements mandated by Labor Code §226. But

- 20 -

1  DEFENDANTS have willfully refused to pay and accurately state wages, intending to secure

2  instead a discount upon their indebtedness to PLAINTIFF and the Class, and intending to annoy

3  harass, oppress, hinder delay or defraud PLAINTIFF and the Class, in violation of California

4  Labor Code §226.6.

5       93.    DEFENDANTS' violation of §226 also constitutes a predicate violation of

6  California Business & Profession Code §§17200 et seq.

7       94.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and

8  below.

9                        **EIGHTH CLAIM FOR RELIEF**

10                   **VIOLATION OF UNFAIR COMPETITION LAW**
      CALIFORNIA BUSINESS & PROFESSIONS CODE §§17200 *ET SEQ.*
11                   (AGAINST DEFENDANT P&Z FOODS, INC.)

12      95.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

13      96.    On information and belief, and at all times relevant, PLAINTIFF alleges that

14  DEFENDANTS, by and through their policies and practices, engaged in unlawful activity

15  prohibited by Business and Professions Code §§17200 *et seq.*, including the following:

16            a.  failure to provide Class members, including PLAINTIFF, rest periods of at least

17                (10) minutes per four (4) hours worked, or major fraction thereof, and failing to

18                pay such employees one (1) hour of additional wages at the employees' regular

19                rate of compensation for each workday that the rest period was not provided, in

20                violation of California law and public policy;

21            b.  requiring Class members, including PLAINTIFF, to work at least five (5) hours

22                without a full, thirty (30) minute, uninterrupted meal period, and failing to pay

23                such employees one (1) hour of additional wages at the employees' regular rate

24                of compensation for each workday that the meal period was not provided, in

25                violation of California law and policy;

26            c.  failure to pay minimum and overtime wages by forcing PLAINTIFF and the Class

27                to work "off the clock";

28

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

d.  failure to provide Class members, including PLAINTIFF, with accurate itemized wage statements in violation of California law and public policy;

e.  Failure to pay Class members all wages owed at the time of termination of employment in violation of California law and public policy;

f.  failure to reimburse Class members, including PLAINTIFF, for expenses incurred in carrying out their job duties, including use of personal vehicle and mileage, in violation of California law and public policy;

g.  failure to pay to Class members, including PLAINTIFF, all minimum and overtime wages owed, including those for rest and meal periods and reimbursements, as detailed above upon separation from employment – whether voluntary or not – in violation of California law and policy;

h.  failure to create or maintain accurate time-keeping records for Class members, including PLAINTIFF, resulting in failure to accurately pay wages owed and provide accurate itemized wage statements, in violation of California law and public policy.

97.     DEFENDANTS' actions as alleged herein constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code §§17200 *et seq.* PLAINTIFF and, on information and belief, the Class he seeks to represent have suffered injury in fact and have lost money or property as a result of such unfair competition.

98.     PLAINTIFF and the Class are entitled to an injunction and other equitable relief against such unlawful practices to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

99.     As a result of their unlawful acts, DEFENDANTS have reaped and continue to reap unfair benefits and unlawful profits at the expense of PLAINTIFF and the Class. DEFENDANTS should be enjoined from this activity and made to disgorge the ill-gotten gains and restore to PLAINTIFF and Class members the wrongfully withheld wages, pursuant to Business and Professions Code §17203 and the penalties provision of §17202.

100.    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANTS

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1   have been and continue to be unjustly enriched through false, fraudulent, unlawful, unfair, and

2   deceptive business practices as alleged throughout this Complaint. PLAINTIFF is further informed

3   and believes and thereon alleges that PLAINTIFF and Class members are prejudiced by

4   DEFENDANTS' unfair trade practices.

5           101.    As a direct and proximate result of DEFENDANTS' unfair business practices,

6   PLAINTIFF, individually and on behalf of all employees similarly situated, are entitled to

7   equitable and injunctive relief, including full restitution and/or disgorgement of all wages which

8   have been unlawfully withheld from PLAINTIFF and the Class as a result of the business acts and

9   practices described herein, and enjoinment of DEFENDANTS to cease and desist from engaging in

10  the practices described herein.

11          102.    As a direct and proximate result of DEFENDANTS' unfair business practices,

12  PLAINTIFF and all Class members are entitled, in accordance with Business and Professions Code

13  §17202, to enforcement of penalties resulting from the business acts and practices described

14  herein, and entitled to enjoinment of DEFENDANTS to cease and desist from engaging in the

15  practices described herein.

16          103.    On information and belief, the unlawful conduct alleged herein is continuing, and

17  there is no indication that DEFENDANTS will cease such activity into the future. PLAINTIFF

18  alleges that if DEFENDANTS are not enjoined from the conduct set forth in this Complaint, they

19  will continue their practice of failing provide rest and meal periods or compensation in lieu thereof,

20  and failing to reimburse employees for necessary expenses.

21          104.    WHEREFORE, PLAINTIFF and the Class request relief as described herein and

22  below and as deemed just and proper by this Court.

## NINTH CLAIM FOR RELIEF

### PENALTIES PURSUANT TO CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT
LABOR CODE §§2698 *ET SEQ.*
(AGAINST ALL DEFENDANTS)

25          105.    PLAINTIFF incorporates all preceding paragraphs as though fully set forth herein.

27          106.    PLAINTIFF brings this claim for herself and all other current and former employees

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1    of DEFENDANTS as a representative, non-class claim, as expressly authorized by the statute.

2        107.    This PAGA cause of action is brought against DEFENDANTS pursuant to

3    provisions of the labor code including §558, which imposes liability on "persons" (defined by

4    Labor Code §18) who violate the Labor Code or IWC regulations or cause these to be violated.

5        108.    PLAINTIFF has complied with the PAGA's administrative requirements. In the

6    manner prescribed in Labor Code §2699.3, PLAINTIFF gave notice to DEFENDANTS and the

7    Labor & Workforce Development Agency ("LWDA") of the Labor Code provisions that

8    DEFENDANTS are alleged to have violated, as well as the facts and theories surrounding those

9    allegations. PLAINTIFF subsequently received notice from the LWDA that it would not

10   investigate the allegations, entitling PLAINTIFF to bring a PAGA cause of action.

11       109.    PLAINTIFF is an aggrieved employee as defined in Labor Code §2699(a).  She

12   brings this cause on behalf of herself, other aggrieved employees – i.e., current or former

13   employees affected by the Labor Code violations alleged in this complaint – and the State of

14   California.

15       110.    Pursuant to Labor Code §2699(a), PLAINTIFF seeks civil penalties as provided

16   under applicable Labor Code sections for violations alleged herein.

17       111.    To the extent that any violation alleged herein does not carry a penalty, PLAINTIFF

18   seeks civil penalties pursuant to Labor Code §2699(f).  Labor Code §2699(f) provides:

19           For all provisions of this code except those for which a civil penalty is
             specifically provided, there is established a civil penalty for a violation of
20           these provisions, as follows: . . . (2) If, at the time of the alleged violation, the
             person employs one or more employees, the civil penalty is one hundred
21           dollars ($100) for each aggrieved employee per pay period for the initial
             violation and two hundred dollars ($200) for each aggrieved employee per pay
22           period for each subsequent violation.

23       112.    PLAINTIFF seeks the PAGA penalties on behalf of herself, other aggrieved

24   employees and the State of California, to be distributed as mandated in Labor Code §2699(i).

25       113.    DEFENDANTS are liable to PLAINTIFF and other current or former employees

26   and the State for the civil penalties resulting from the violations alleged in this Complaint.

27   PLAINTIFF is also entitled to an award of attorneys' fees and costs as set forth below.

28       114.    PLAINTIFF, the State, and other aggrieved employees are entitled to PAGA

- 24 -

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1    penalties in regards to record keeping violations, including Labor Code §1174. Additionally, they

2    are entitled to rest, meal, minimum, overtime, wage statement, waiting time penalties, and

3    reimbursement to all claims in this complaint.

4       115.    PLAINTIFF'S PAGA claim does not require Class Certification because both the

5    language of the PAGA and the express intent of the Legislature indicate that an aggrieved

6    employee may act in place of the State and bring a representative action on behalf of other

7    employees without having to certify a class.  Labor Code §2699 specifically states that an

8    aggrieved employee may bring an action on behalf of other employees, "[n]otwithstanding any

9    other provision of law…" The wording of the PAGA, which authorizes an aggrieved employee to

10   bring an action  "on behalf of himself or herself and other current or former employees… [,]" is

11   similar to the former wording of Business and Professions Code §17204, which authorized a

12   person to bring an action "acting for the interests of itself, its members or the general public . . . ."

13   The Legislature has made clear that an action under the PAGA is in the nature of an enforcement

14   action, with the aggrieved employee acting as a Private Attorneys General to collect penalties from

15   employers who violate labor laws.  Such an action is fundamentally a law enforcement action

16   designed to protect the public and penalize the defendant for past illegal conduct. Restitution is not

17   the primary object of a PAGA action, as its purpose is not recovering damages, but civil penalties.

18   The PAGA does not preclude an employee from pursuing any other claim he may have available

19   under law.

20      116.    As such, PLAINTIFF individually holds a substantive right to stand in the shoes of

21   the State of California and bring this PAGA claim for herself, other current or former employees

22   and the State.

23      117.    WHEREFORE, PLAINTIFF requests penalties pursuant to the PAGA as described

24   herein and any other relief this Court deems proper.

25

26   **VII.    PRAYER FOR RELIEF**

27      WHEREFORE, PLAINTIFF pray for judgment for PLAINTIFF and the Class as follows:

28      1.    For all available relief under FLSA for overtime violations, including wages,

- 25 -

1    liquidated damages, and attorney fees and costs.

2        2.      For compensatory damages in an amount according to proof with interest thereon;

3        3.      For economic and/or special damages in an amount according to proof with interest

4    thereon;

5        4.      For a declaratory judgment that Defendants violated the rights of PLAINTIFF and

6    the Class under the California Labor Code, and applicable wage orders as set forth in the preceding

7    paragraphs;

8        5.      For an award to PLAINTIFF and the Class of statutory damages or, in the

9    alternative, actual damages for Defendants' violations of the California Labor Code;

10       6.      That Defendants be found to have engaged in unfair competition in violation of

11   California Business and Professions Code §§ 17200 et seq.;

12       7.      That DEFENDANT EMPLOYERS be ordered and enjoined to make restitution to

13   PLAINTIFF and the Class due to their unfair competition, including restitutionary disgorgement of

14   their wrongfully-obtained revenues, earnings, profits, compensation, and benefits, pursuant to

15   California Business and Professions Code §§ 17203 and 17204;

16       8.      That DEFENDANT EMPLOYERS be enjoined from continuing the unlawful

17   course of conduct alleged herein;

18       9.      For premium pay and statutory penalties pursuant to Labor Code § 203, excluding

19   any penalties available solely through the procedures detailed in Labor Code §§ 2698 et seq.;

20       10.     For premium wages pursuant to Labor Code §§ 226 and 226.7;

21       11.     For minimum wages pursuant to Labor Code §§1197, 1194(a), 1194.2, and the

22   Wage Orders;

23       12.     For liquidated damages pursuant to the Labor Code § 1194.2;

24       13.     For penalties pursuant to Labor Code § 226;

25       14.     For penalties pursuant to Labor Code § 1174;

26       15.     For attorneys' fees, interests, and costs of suit under the California Labor Code

27   including § 226, 1194, and pursuant to the private attorney provisions of California Code of Civil

28   Procedure § 1021.5;

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL

1    16.    For unpaid wages, liquidated damages, penalties and other relief as provided by the

2  California Labor Code;

3    17.    For such other and further relief as the Court deems just and proper excluding any

4  penalties available solely through the procedures detailed in Labor Code §§ 2698 et seq; and

5    18.    For penalties for the State, PLAINTIFF and other current or former employees

6  pursuant to the Labor Code Private Attorney General Act.

7

8  **VIII.    DEMAND FOR JURY TRIAL**

9    PLAINTIFF hereby demand trial of their claims and of the Class by jury to the extent

10  authorized by law.

11

12  Dated:  October 27, 2017                **MALLISON & MARTINEZ**

13

14                                        By: _____

15                                            Eric S. Trabucco
                                             Attorneys for PLAINTIFF

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT – DEMAND FOR JURY TRIAL