STAN S. MALLISON (Bar No. 184191)
  StanM@TheMMLawFirm.com
HECTOR R. MARTINEZ (Bar No. 206336)
  HectorM@TheMMLawFirm.com
MARCO A. PALAU (Bar. No. 242340)
  MPalau@TheMMLawFirm.com
JOSEPH D. SUTTON (Bar No. 269951)
  JSutton@TheMMLawFirm.com
ERIC S. TRABUCCO (Bar No. 295473)
  ETrabucco@TheMMLawFirm.com
MALLISON & MARTINEZ
1939 Harrison Street, Suite 730
Oakland, California 94612-3547
Telephone: (510) 832-9999
Facsimile: (510) 832-1101

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA GARCIA,<br><br>            Plaintiff,<br><br>    vs.<br><br>P&Z FOODS, INC., et al. and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. 17-cv-06253<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT & [PROPOSED] ORDER** |

This case management statement for the March 1, 2018 case management conference is submitted by plaintiff. Plaintiff attempted to obtain input from defendants but did not receive any. Defendants have not appeared in this action, and plaintiff does not know whether defendants intend to appear.

1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

Plaintiff is unaware of any issues concerning personal jurisdiction or venue. All defendants named in the complaint have been served but have not yet appeared.

Defendants:

2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Plaintiff was employed by defendants at their Carnitas Tijuana restaurants. Plaintiff alleges that defendants carried out a scheme to systematically deprive workers of compensation. For example, plaintiff has alleged that defendants failed to pay for all hours worked and provided false wage statements that omitted overtime. Plaintiff also alleges defendants failed to provide breaks and failed to reimburse expenses that included mileage. Plaintiff seeks to recover wages for Rule 23 and FLSA opt-in class(es), and to recover penalties on behalf of herself, other current or former non-exempt employees and the State of California pursuant to the Private Attorneys General Act (PAGA).

Defendants:


3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

Plaintiff is not aware of any disputed points of law and at this time believes that the litigation will largely revolve around factual disputes. If defendants retain counsel, however, this may change.

Defendants:

4. <u>Motions</u>
*All prior and pending motions, their current status, and any anticipated motions.*

Plaintiff: There are no pending motions.  Plaintiff anticipates filing a motion to certify a Rule 23 class, a motion to certify a FLSA opt-in class, and motions in limine.  If necessary, plaintiff will file discovery motions, and if appropriate to narrow issues before trial, plaintiff will file dispositive motions.

Defendants:

5. <u>Amendment of Pleadings</u>
*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Plaintiff reserves the right to amend the complaint before defendants file a responsive pleading, and to amend as needed as discovery unfolds.

Defendants:

6. <u>Evidence Preservation</u>
*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Plaintiff intends to seek data pertaining to herself and other non-exempt employees in native, electronic form, including time and payroll data.  Plaintiff has reviewed the Guidelines relating to ESI and intends to meet and confer with defense counsel about steps to preserve ESI.

Defendants:

7. <u>Disclosures</u>
*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

Plaintiff proposes March 16, 2018 as the deadline for the parties serve initial disclosures.

Defendants:

8. <u>Discovery</u>
*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

Plaintiff intends to propound a first set of written discovery designed to obtain information

pertaining to defendants' written policies and practices governing the work of potential class members, as well as time and payroll records of potential class members and a class list. After obtaining core records, plaintiff intends to conduct 30(b)(6) depositions on the core issues surrounding the claims, and possibly other depositions.

Defendants:

9. Class Actions
*If a class action, a proposal for how and when the class will be certified.*

Plaintiff believes that at least six months will be required for class discovery. If disputes or difficulties arise, the discovery period may have to be enlarged. As such, plaintiff proposes that the Court set a mid-discovery conference no earlier than 90 days from the commencement of discovery to assess progress and, if appropriate, to set a deadline to certify a FLSA class and a deadline to certify a Rule 23 class. Under California law, the PAGA claim is representative by statute and need not be certified. *Arias v. Sup. Ct.*, 46 Cal.4th 969 (2009).

Defendants:

10. Related Cases
*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

Plaintiff is not aware of any related cases.

Defendants:

11. Relief
*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Plaintiff seeks unpaid wages, interests and liquidated damages under the FLSA and California law. She also seek penalties under Sections 2699, 558, 558.1 and 1197.1 of the Labor Code on behalf of herself, other aggrieved employees and the state. Wages and penalties are to be calculated based on statute and employee time and payroll records. The amount of damages and penalties cannot be calculated without time and payroll records that plaintiff will seek in discovery.

Defendants:

12. <u>Settlement and ADR</u>

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

Plaintiff is open to mediation and a settlement conference.

Defendants:

13. <u>Consent to Magistrate Judge For All Purposes</u>

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* _____ YES _____ NO

Plaintiff filed her consent to have a magistrate conduct all further proceedings.

Defendants:

14. <u>Other References</u>

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

Plaintiff does not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel.

Defendants:

15. <u>Narrowing of Issues</u>

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

Plaintiff has nothing to propose at this time, other than to focus on class certification in the first stage of litigation, and trial and pre-trial deadlines in a subsequent stage after the Court has made determinations as to the suitability of a Rule 23 class and FLSA class, as these determinations will impact the scope of the action.

Defendants:

16. <u>Expedited Trial Procedure</u>

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B and D.*

This is a representative action involving class claims, collective FLSA claims and a representative PAGA claim. The action cannot be handled under the Expedited Trial Procedure of General Order 64.

Defendants:

17. <u>Scheduling</u>
*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

Plaintiff proposes a mid-discovery conference no early than 90 days from the commencement of discovery.  At that time, the parties should propose a deadline for class certification under Rule 23 and certification of a FLSA collective action.  After the Court determines the suitability of certification,

Defendants:

18<u>. Trial</u>
*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

Plaintiff has demanded a jury and expects that the trial will last at least 10 days.

Defendants:

19. <u>Disclosure of Non-party Interested Entities or Persons</u>
*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

Plaintiff knows of no non-party interested entity or person to report at this time.

Defendants:

20. <u>Professional Conduct</u>
*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

Counsel for plaintiff has reviewed the Guidelines for Professional Conduct for the Norther District of California.

Defendants:

21. <u>Other</u>
*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

Respectfully submitted,

Date: February 26, 2018                               **MALLISON & MARTINEZ**

                                                      By:  /s/ Marco A. Palau
                                                           Marco A. Palau
                                                           Attorneys for Plaintiff

Date: February 22, 2018                               By:  _____
                                                           Defendant Pascual Zavala

Date: February 22, 2018                               By:  _____
                                                           Defendant Maria Arévola

Date: February 22, 2018                               By:  _____
                                                           Counsel for Defendant
                                                           P&Z Foods, Inc.

### CASE MANAGEMENT ORDER

The above CASE MANAGEMENT CONFERENCE STATEMENT & [PROPOSED] ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated: _____
                                                      _____
                                                      UNITED STATES DISTRICT/MAGISTRATE JUDGE