UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA GARCIA,<br><br>    Plaintiff,<br><br>v.<br><br>PASCUAL ZAVALA, et al.,<br><br>    Defendants. | Case No. 17-cv-06253-TSH<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL WITH CONDITIONS**<br><br>Re: Dkt. No. 57 |

## I.   INTRODUCTION

Martin & Vanegas, APC, has filed the present motion seeking to withdraw as counsel for Defendant Pascual Zavala. ECF No. 57. No opposition has been filed. The Court finds this matter suitable for disposition without oral argument and **VACATES** the May 16, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the motion for the reasons set forth below.

## II.   BACKGROUND

Angelica Garcia filed a complaint against Pascual Zavala and two other Defendants for violations of the Fair Labor Standards Act. ECF No. 1. Zavala hired the law firm Martin & Vanegas on February 26, 2018, to represent him. Vanegas Decl. ¶ 2, ECF No. 50-1. The retainer agreement states that the failure to cooperate with the firm and the failure to replenish the retainer deposit are causes for Martin & Vanegas to withdraw from the representation. *Id.* ¶¶ 3, 4.

Martin & Vanegas filed an Answer to the Complaint and Crossclaims on April 9, 2018 on behalf of Zavala. ECF No. 21. They informed Zavala this had been done. Vanegas Decl. ¶ 6.

Upon Zavala's instructions, attorney Marta Vanegas commenced settlement negotiations with Plaintiff's counsel. *Id.* ¶ 7. Plaintiff's counsel requested that Zavala provide them with

initial, informal disclosures of certain tax and financial documents for the purpose of settlement negotiations. *Id.* Vanegas relayed this request to Zavala. *Id.* ¶ 8. To date, Vanegas has not received that information from Zavala. *Id.*

Plaintiff's counsel and Vanegas agreed to proceed with mediation, with the understanding that Martin & Vanegas does not represent the employer-defendant P&Z Foods in these proceedings as Zavala filed Crossclaims against P&Z Foods for indemnification. *Id. ¶* 9.

On June 4, 2018, Martin & Vanegas reported to Zavala that they had served initial disclosures on Plaintiff's counsel. *Id. ¶* 10. Between then and March 2019, irreconcilable differences arose between Zavala and Vanegas, making it difficult for her to carry out her employment as his attorney effectively. *Id. ¶* 11. This includes the fact that as of September 5, 2018, the retainer fee deposit has been depleted by attorney billings and advanced court costs and expenses, and though Vanegas has requested Zavala refresh the retainer, he has failed to do so. *Id. ¶* 12. Since September, 2018, Martin & Vanegas has not received any payments from Zavala. *Id.* ¶ 13. Though Zavala promised several times to come to the office and pay his past due invoices, he has not done so. *Id.*

On or about January 15, 2019, in a phone conversation, Zavala accused Martin & Vanegas of not reporting to him any work that has been done in his case. *Id. ¶* 14. Two days later, the firm sent him a complete copy of his file and his past due invoices and trust request. *Id.* He did not respond. *Id.*

On February 15, 2019, in a teleconference with the mediator regarding the scheduling of a mediation between Plaintiff and Zavala, Plaintiff's counsel stated that they are contemplating amending the complaint to involve a new defendant. *Id. ¶* 17.

On March 25, 2019, Vanegas notified Zavala by certified mail of her intent to be relieved as counsel and asked for him to relieve her. *Id. ¶* 18. In the letter she stated her intention to withdraw from the case unless Zavala's communication and cooperation improved and appropriate payment arrangements were made to bring his account up to date. *Id.* Zavala did not respond. *Id.* ¶ 19.

### III. LEGAL STANDARD

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action, and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 1.16 provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation.

"Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, *1 (N.D. Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, *2 (N.D. Cal. Sept. 15, 2010)). "When addressing a motion to withdraw, the consent of the client is not dispositive." *Robinson v. Delgado*, 2010 WL 3259384, *2 (N.D. Cal. Aug. 18, 2010) (citing *CE Resource, Inc. v. Magellan Group, LLC*, 2009 WL 3367489, *2 (E.D. Cal. Oct.14, 2009)). Instead, the decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).

Before withdrawal is permitted, counsel must comply with California Rule of Professional Conduct 1.16(d), which provides that counsel shall not withdraw from employment until the member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving sufficient notice to the client to allow time for employment of other counsel, complying with Rule 1.16(e) (regarding the return of all client materials and property), and complying with all other applicable laws and rules. *See El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, *1 (N.D. Cal. Dec. 10, 2007). Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue

to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

## IV. DISCUSSION

The Court finds good cause exists to permit Vanegas's withdrawal. As to the first *Atkins* factor, Martin & Vanegas offers good reasons to withdraw. California Rule of Professional Conduct provisions 1.16(b)(4)-(5) state that a lawyer may withdraw from representing the client if:

> (4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;
>
> (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable* warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation;

Here, there is no question that Zavala has made it unreasonably difficult to carry out his representation given that he has stopped communicating with his attorney and has not been responsive to his attorney regarding the case, including matters of mediation with opposing counsel. This same conduct is also a breach of a material term of his retainer agreement. *See Beard v. Shuttermart of Cal., Inc*., 2008 WL 410694 *3 (S.D. Cal. Feb. 13, 2008) (permitting withdrawal where client's failure to comply and communicate made it "unreasonably difficult" for the attorneys to adequately continue representation).

Furthermore, Zavala's failure to respond to and comply with Vanegas's request to timely replenish his retainer makes the representation unreasonably difficult because counsel is essentially working for free. The failure to pay is also a breach of his retainer agreement. *See Stewart v. Boeing Co*., 2013 WL 3168269, *2 (C.D. Cal. Jun. 19, 2013) (permitting unpaid attorney to withdraw even though no substitute counsel had been retained and stating "[t]he failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation.")

As to the remaining factors, Vanegas has taken reasonable steps to avoid foreseeable prejudice to Zavala in that she provided sufficient notice of this motion. There are no pending motions aside from this one, and deadlines for discovery were just extended by the Court. ECF

4

No. 55. Accordingly, there is sufficient time for new counsel to be hired and become familiar with the case. *Stewart,* 2013 WL 3168269 at * 2 (allowing counsel to withdraw when there was no substitute counsel where there was "sufficient time for new counsel to be hired and familiarized with the case without unduly delaying the proceedings or prejudicing the Parties").

## V. CONCLUSION

Accordingly, the Court **GRANTS** Martin & Vanegas's motion to withdraw as Zavala's counsel. However, because the firm's withdrawal is not accompanied by the simultaneous appearance of substitute counsel or Zavala's agreement to appear pro se, the motion is granted on the condition that all papers from the Court and from other parties shall continue to be served on attorney Marta Vanegas for forwarding purposes until a substitution of counsel is filed, as provided for by Civil Local Rule 11-5(b). For all such documents, Vanegas shall e-file proof of service upon Zavala. No chambers copy is required.

As Zavala is now proceeding pro se, the Court directs his attention to the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk. Zavala may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

**IT IS SO ORDERED.**

Dated: May 13, 2019

THOMAS S. HIXSON
United States Magistrate Judge

5