IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELICA GARCIA,<br><br>  Plaintiff,<br><br>  v.<br><br>PASCUAL ZAVALA, et al.,<br><br>  Defendants. | Case No. 17-cv-06253-MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, FEES AND COSTS; VACATING HEARING**<br><br>Re: Doc. Nos. 113, 121 |

Before the Court is plaintiff Angelica Garcia's ("Garcia") Motion for Default Judgment, brought pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, and filed October 7, 2021. By order filed November 8, 2021 ("November 8 Order"), the Court afforded Garcia an opportunity to file supplementary materials, which Garcia subsequently filed. Having read and considered the papers filed in support of the motion, including the supplementary materials, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for January 14, 2022, and rules as follows:

1. To the extent Garcia seeks entry of default judgment against defendants Pascual Zavala ("Zavala") and P & Z Foods, Inc. ("P & Z Foods"), the motion, for the reasons stated therein, will be granted.

2. To the extent Garcia seeks entry of default judgment against defendant P & Z Group, Inc. ("P & Z Group"), the motion will be denied, as Garcia, for the reasons stated in the Court's November 8 Order (see November 8 Order at 2:3-22), has failed to allege facts sufficient to support a finding that P & Z Group can be held liable, whether as her employer, an alter ego of Zavala, or an alter ego of P & Z Foods. Although, in her supplementary materials, Garcia has included declarations (see Suppl. Decl. of Stan S.

Mallison in Supp. of Pl.'s Mot. for Default J. ("Mallison Suppl. Decl.") ¶ 2) and exhibits (see id. Exs. 1-11) with regard to the third of the above-referenced theories of liability, the allegations in Garcia's operative complaint, namely, the Second Amended Complaint, are "too conclusory" to state a claim for alter ego liability, see Sandoval v. Ali, 34 F. Supp. 3d 1031, 1040 (N.D. Cal. 2014) (noting, to state a claim for alter ego liability, "plaintiff must allege specifically both of the elements" thereof, "as well as facts supporting each" (internal quotation and citation omitted)), and facts that are "not established by the pleadings" and claims that "are not well-pleaded . . . cannot support [a default] judgment," see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978); see also Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392-93 (9th Cir. 1988) (finding "error to award a default judgment" where complaint "fail[ed] properly to allege a claim").

    3. To the extent Garcia seeks an award of individual damages in the amount of $63,278.82[1] under the Fair Labor Standards Act and the California Labor Code, the motion will be granted. (See Woolfson Suppl. Decl. ¶¶ 5-6, 12, 43.)

    4. To the extent Garcia seeks an award of civil penalties in the amount of $270,770.24 under the Private Attorneys General Act of 2004, the motion will be granted. (See Woolfson Suppl. Decl. ¶¶ 7-10.)

    5. To the extent Garcia seeks an award of attorneys' fees in the amount of $179,776.69, incurred in connection with the above-titled action, the motion will be granted, the Court finding both the hours expended and the hourly rates sought to be reasonable. (See Decl. of Stan S. Mallison in Supp. of Pl.'s Mot. for Default J. ("Mallison Decl.") ¶¶ 39-56, Ex. 5.)[2]

---

[1] This amount reflects Garcia's revised calculation of individual damages (see Decl. of Stan Mallison in Support of Pl.'s Notice of Errata Regarding Pl.'s Suppl. Briefing Regarding Pl.'s Mot. for Default J. Ex. 1 ("Woolfson Suppl. Decl.") ¶¶ 5-6), which calculation addresses the deficiencies identified in the Court's November 8 Order (see Pl.'s Suppl. Brief at 3:28-4:1).

[2] The Court recognizes that Garcia is not entitled to recover attorneys' fees incurred in connection with either her meal and rest period claims, see Kirby v. Immoos Fire Prot., Inc., 53 Cal. 4th 1244, 1248 (2012) (holding attorneys' fees "not authorized" for meal or rest period claims), or her claim under California's Unfair Competition Law

6. To the extent Garcia seeks an award of costs in the amount of $4,399.52, incurred in connection with the above-titled action, the motion will be granted, the Court finding the amount sought to be reasonable.  (See Mallison Decl. Ex. 6.)

## CONCLUSION

For the reasons stated above, Garcia's motion for default judgment is hereby GRANTED in part and DENIED in part as follows:

1. To the extent Garcia seeks entry of default judgment against Zavala and P & Z Foods, the motion is hereby GRANTED.

2. To the extent Garcia seeks entry of default judgment against P & Z Group, the motion is hereby DENIED.

3. To the extent Garcia seeks individual damages, civil penalties, attorneys' fees, and costs, the motion is hereby GRANTED, and Garcia is awarded individual damages in the amount of $63,278.82, civil penalties in the amount of $270,770.24, attorneys' fees in the amount of $179,776.69, and costs in the amount of $4,399.52, for a total amount of $518,225.27.

**IT IS SO ORDERED.**

Dated: January 7, 2022

MAXINE M. CHESNEY
United States District Judge

---

("UCL"), see De La Torre v. CashCall, Inc., 5 Cal. 5th 966, 993 (2018) (noting UCL does not provide for attorneys' fees).  Such claims, however, are "inextricably intertwined with [Garcia's] other wage and hour claims for which fees are recoverable," see Cruz v. Fusion Buffet, Inc., 57 Cal. App. 5th 221, 235 (2020) (finding meal and rest period claims share "common factual and legal issues" with wage claims); see also Pellegrino v. Robert Half Int'l, Inc., 182 Cal. App. 4th 278, 289 (2010) (finding UCL claims "interrelated" with "wage and hour claims upon which [said] claims were based"), and, consequently, the Court "need not . . . apportion[]" the attorneys' fees award among her respective claims, see Cruz, 57 Cal. App. 5th at 235.